## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES L. DOUTS; RICHARD L.** | : | |
| **GRAVER; HARRISON W. LAROSA;** | : | |
| **PHILLIP G. REED; WILLIAM L.** | : | |
| **RICHARDSON, JR.; GERALD** | : | |
| **HEIDLAUF; LESTER TURNER;** | : | |
| **RICHARD MILLER; JAMES R. VIA;** | : | |
| **and DANIEL P. VITALE;** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| vs. | : | No. _____ |
| | : | |
| **I.B.E.W. LOCAL UNION NO. 743** | : | |
| **N.E.C.A. HEALTH & WELFARE** | : | |
| **BENEFIT TRUST FUND;** | : | |
| **NATIONAL ELECTRICAL** | : | |
| **BENEFIT FUND; LAWRENCE J.** | : | |
| **BRADLEY; SICK BENEFIT FUND;** | : | |
| **ELECTRICAL CONSTRUCTION** | : | |
| **JOINT TRUST FUNDS; RANDY** | : | |
| **KIEFFER; BARRY MUSSER;** | : | |
| **WILLIAM TROUTMAN; RICHARD** | : | |
| **BROTZMAN; and MEL FISHBURN** | : | |
| | : | |
| **Defendants** | : | |

## COMPLAINT

The Plaintiffs; James L. Douts, Richard L. Graver, Harrison W. LaRosa, Phillip G.

Reed, William L. Richardson Jr., Gerald Heidlauf, Lester Turner, Richard Miller, James R.

Via, Daniel P. Vitale, and Tony Allen, bring this action by way of a Complaint against

Defendants, I.B.E.W. Local Union 743 N.E.C.A. Health & Welfare Benefit Trust Fund,

National Electrical Benefit Fund, Lawrence J. Bradley, Sick Benefit Fund, Electrical

HARMON & DAVIES, P.C.
ATTORNEYS-AT-LAW
2306 COLUMBIA AVENUE
LANCASTER, PA 17603

Construction Joint Trust Funds, Randy Kieffer, Barry Musser, William Troutman, Richard

Brotzman, and Mel Fishburn, for relief pursuant to the Employee Retirement Income Security

Act of 1974 ("ERISA").  The claims arise out of a group Health and Welfare Benefit Plan

provided by the International Brotherhood of Electrical Workers ("I.B.E.W.").  The

Defendants have failed and refused in bad faith to provide Health and Welfare benefits due

and owing to Plaintiffs, and in support thereof, Plaintiffs aver as follows:

**PARTIES**

     1.      Plaintiff, James L. Douts, is a resident of the Commonwealth of Pennsylvania

and resides at 2146 Fruitville Pike, Lancaster, PA 17601.  Mr. Douts joined the I.B.E.W.

Local Union 414 on or about 1958.  Mr. Douts retired on or about June 2005.

     2.      Plaintiff, Richard L. Graver, is a resident of the Commonwealth of

Pennsylvania and resides at 5 Dogwood Lane, Willow Street, PA 17584.  Mr. Graver joined

the I.B.E.W. Local Union 414 on or about 1963.  Mr. Graver retired on or about April 2004.

     3.      Plaintiff, Harrison W. LaRosa, is a resident of the Commonwealth of

Pennsylvania and resides at 45 Blue Rock Road, Millersville, PA 17551.  Mr. LaRosa joined

the I.B.E.W. Local Union 414 on or about 1971.  Mr. LaRosa retired on or about August

2004.

     4.      Plaintiff, Phillip G. Reed, is a resident of the Commonwealth of Pennsylvania

and resides at 440 Fitzpatrick Lane, Hellam, PA 17406.  Mr. Reed joined the I.B.E.W. Local

Union 414 on or about 1980.  Mr. Reed retired on or about April 2004.

     5.      Plaintiff, William L. Richardson Jr., is a resident of the Commonwealth of

Pennsylvania and resides at 2571 Ironville Pike, Columbia, PA 17512.  Mr. Richardson joined

the I.B.E.W. Local Union 414 on or about 1970. Mr. Richardson retired on or about August 2004.

6.     Plaintiff, Gerald Heidlauf, is a resident of the Commonwealth of Pennsylvania and resides at 363 Rock Hill Road, Millersville, PA 17551. Mr. Heidlauf joined the I.B.E.W. Local Union 414 on or about May 1963.

7.     Plaintiff, Lester A. Turner, is a resident of the Commonwealth of Pennsylvania and resides at 11 Laureh Drive, Willow Street, PA 17584. Mr. Turner joined the I.B.E.W. Local Union 414 on or about September 1959. Mr. Turner retired on or about October 1, 2002.

8.     Plaintiff, Richard Miller, is a resident of the Commonwealth of Pennsylvania and resides at 203 New Haven Drive, Lititz, PA 17543. Mr. Miller joined the I.B.E.W. Local Union 414 on or about August 1961. Mr. Miller retired on or about October 2002.

9.     Plaintiff, James R. Via, is a resident of the Commonwealth of Pennsylvania and resides at 289 House Rock Road, Pequea, PA 17565. Mr. Via joined the I.B.E.W. Local Union 414 on or about 1967. Mr. Via retired on or about June 2001.

10.     Plaintiff, Daniel P. Vitale, is a resident of the Commonwealth of Pennsylvania and resides at 6455 Lincoln Court, East Petersburg, PA 17520. Mr. Vitale joined the I.B.E.W. Local Union 414 on or about April 1970. Mr. Vitale retired on or about November 2001.

11.     Defendant, I.B.E.W. Local Union 743 N.E.C.A. Health & Welfare Benefit Trust Fund (hereinafter the "Plan"), is an employee Health and Welfare Plan established pursuant to the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1002(1).

12.     Defendant, National Electrical Benefit Fund, is an employee Health and Welfare Plan established pursuant to ERISA

13.     Defendant, Lawrence J. Bradley, is a trustee of the Plan and has a fiduciary responsibility within the meaning of ERISA, 29 U.S.C. § 1002(21).

14.     Defendant, Sick Benefit Fund, is an employee Health and Welfare Plan established pursuant to ERISA.

15.     Defendant, Electrical Construction Joint Trust Funds, is an employee Health and Welfare Plan established pursuant to ERISA.

16.     Defendant, Randy Kieffer, is a trustee of the Plan and has a fiduciary responsibility within the meaning of ERISA, 29 U.S.C. § 1002(21).

17.     Defendant, Barry Musser, is a trustee of the Plan and has a fiduciary responsibility within the meaning of ERISA, 29 U.S.C. § 1002(21).

18.     Defendant, William Troutman, is a trustee of the Plan and has a fiduciary responsibility within the meaning of ERISA, 29 U.S.C. § 1002(21).  .

19 .     Defendant, Richard Brotzman, is a trustee of the Plan and has a fiduciary responsibility within the meaning of ERISA, 29 U.S.C. § 1002(21).

20.     Defendant, Mel Fishburn, is a trustee of the Plan and has a fiduciary responsibility within the meaning of ERISA, 29 U.S.C. § 1002(21).

## JURISDICTION AND VENUE

21.     Jurisdiction of the District Court is invoked pursuant to the provisions of ERISA, 29 U.S.C. §1132.  This Court maintains subject matter jurisdiction of the claims contained in the Complaint pursuant to ERISA, 29 U.S.C. §1132 and 28 U.S.C. §1331 and

§1367 (Federal Question); and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

22.     The Plaintiffs reside within the Eastern District of Pennsylvania, the acts complained of occurred within the Eastern District of Pennsylvania, and the Plan is administered within the Eastern District of Pennsylvania. Therefore, venue in this District is invoked pursuant to 29 U.S.C. §1132(e)(2).

**FACTS**

23.     On or about September 1, 1994, I.B.E.W. Local Union 414 merged into I.B.E.W. Local Union 743. A copy of the member announcement is attached hereto as Exhibit "A" and incorporated as though fully set forth herein.

24.     Plaintiffs were each members of former I.B.E.W. Local Union 414, which merged into I.B.E.W. Local Union 743.

25.     On or about April 2, 2001, the I.B.E.W. Local Union 414 Health and Welfare Plan merged with the I.B.E.W. Local Union 743 Health and Welfare Plan. A copy of the announcement is attached hereto as Exhibit "B" and incorporated as though fully set forth herein.

26.     The Plan was created to maintain and provide health and welfare benefits to Union members and their dependants pursuant to ERISA. The Plan is an Employee Welfare Benefit Plan established by the I.B.E.W. to provide benefits to its participants.

27.     Article 2.11 of the Plan provides, "if a Participant retires on or after attaining age sixty (60), such Participant and his eligible dependents will continue to be covered under the Plan without contributions by the Participant to the Plan. When the Participant becomes

eligible for Medicare, the Participant's coverage will integrate with Medicare.  If the Participant had twenty (20) or more calendar years of service in which he worked more than (200) hours, the Plan will pay $24.80 monthly toward the Medicare premiums for the Participant and his spouse."  A copy of the Plan document is attached hereto as Exhibit "C" and incorporated as though fully set forth herein.

28.     Article 10.2 of the Plan states, "Participants of the former I.B.E.W. Local Union No. 414 Health and Welfare Plan who retired prior to the merger of the I.B.E.W. Local Union 414 Health and Welfare Plan into the I.B.E.W. Local Union No. 743 Health and Welfare Plan are not eligible for any benefits under the I.B.E.W. Local Union No. 743 Health and Welfare Plan."  [emphasis added]

29.     Since each of the Plaintiffs retired after the merger of I.B.E.W. Local Union No. 414 Health and Welfare Plan into the I.B.E.W. Local Union No. 743 Health and Welfare Plan, each of the Plaintiffs remain eligible for benefits.

30.     Under the Plan, Plaintiffs and their dependants are each entitled to additional benefits (payment toward Medicare premiums) because Plaintiffs were members in the Union for twenty (20) or more calendar years in which Plaintiffs worked more than (200) hours.

31.     Plaintiffs and their dependants at all times relevant hereto were participants in the Plan within the meaning of ERISA, 29 U.S.C. §1002(7).

32.     Prior to May 25, 2005, Plaintiffs and their dependants were receiving health and welfare benefits.

33.     On or about May 25, 2005, Plaintiffs were each notified that they were no longer eligible for health and welfare benefits.  A copy of the letter sent to Lester Turner is

HARMON & DAVIES, P.C.
ATTORNEYS-AT-LAW
2306 COLUMBIA AVENUE
LANCASTER, PA 17603

6

attached hereto as Exhibit "D" and incorporated as though fully set forth herein.

34.     Defendants arbitrarily and unilaterally changed the terms and conditions of the Plan in order to deny Plaintiffs benefits.

35.     Defendants intentionally discriminated against Plaintiffs because they are former I.B.E.W. Local 414 members.

36.     Plaintiff, James L. Douts, received retiree benefits. Mr. Douts's health and welfare benefits were wrongfully discontinued on or about May 25, 2005.

37.     Plaintiff, Richard L. Graver, received retiree benefits. Mr. Graver's health and welfare benefits were wrongfully discontinued on or about May 25, 2005.

38.     Plaintiff, Harrison W. LaRosa, received retiree benefits. Mr. LaRosa's health and welfare benefits were wrongfully discontinued on or about May 25, 2005.

39.     Plaintiff, Phillip G. Reed, received retiree benefits. Mr. Reed's health and welfare benefits were wrongfully discontinued on or about May 25, 2005.

40.     Plaintiff, William L. Richardson, Jr., received retiree benefits. Mr. Richardson's health and welfare benefits were wrongfully discontinued on or about May 25, 2005.

41.     Plaintiff, Gerald Heidlauf, received health and welfare benefits. Mr. Heidlauf's health and welfare benefits discontinued on or about May 25, 2005.

42.     Plaintiff, Lester Turner, received health and welfare benefits. Mr. Turner's health and welfare benefits were wrongfully discontinued on or about May 25, 2005.

43.     Plaintiff, Richard Miller, received health and welfare benefits. Mr. Miller's health and welfare benefits were wrongfully discontinued on or about May 25, 2005.

44.     Plaintiff, James R. Via, received health and welfare benefits.  Mr. Via's health and welfare benefits were wrongfully discontinued on or about May 25, 2005.

45.     Plaintiff, Daniel P. Vitale, received health and welfare benefits.  Mr. Vitale's health and welfare benefits were wrongfully discontinued on or about May 25, 2005.

46.     Between September 16, 2005 and March 24, 2006, undersigned counsel and Kevin A. Moore, counsel for IBEW Local 743 Trust Funds, exchanged numerous correspondence regarding the termination of Plaintiffs benefits.

47.     On March 24, 2006, Kevin A. Moore indicated that Plaintiffs benefits were reinstated effective March 1, 2006.

48.     Plaintiffs have received no formal documentation or motion regarding the change in plan language

49.     Plaintiffs and their dependants incurred significant costs and expenses for medical services and/or alternate insurance from May 25, 2005, and have not received restitution for loss of benefits from May 25, 2005 to March 1, 2006.

### COUNT I

### BREACH OF FIDUCIARY DUTY

50.     Plaintiffs incorporate paragraphs 1 through 49 above as though fully set forth herein.

51.     Defendants violated ERISA, 29 U.S.C. §1104(a)(1)(A), by failing to act for the exclusive purpose of providing benefits to participants.

52.     Defendants violated ERISA, 29 U.S.C. §1104(a)(1)(B), by failing to act with care, skill, prudence, and diligence required of the Defendants through their mismanagement of the Plan.

WHEREFORE, Plaintiffs request this Honorable Court to grant judgment against the Defendants and in favor of the Plaintiffs and to award as follows:

a.     Declaratory relief finding the Defendants and Fiduciaries of the Plan in violation of ERISA and the Plan;

b.     Declaratory and injunctive relief removing Defendants as a fiduciary on the Plan;

c.     An award of compensatory damages;

d.     An award of prejudgment interest;

e.     Restitution in an amount equal to the benefits Plaintiffs and their dependants should have received from May 25, 2005 to March 1, 2006 and to otherwise make the Plaintiffs whole for the fiduciary breaches;

f.     An award of reasonable counsel fees, including costs of this suit, pursuant to ERISA, 29 U.S.C. §1132(g); and

g.     Such other and further relief as the Court deems just and proper.

## COUNT II

### ERISA, 29 U.S.C. §1024(b)

53.     Plaintiffs incorporate paragraphs 1 through 50 above as though fully set forth herein.

54.     On July 1, 2005 and September 16, 2005, the undersigned counsel executed

and mailed a written request for documents to the Administrators of the Plan seeking documents which Plaintiffs are entitled to receive. A copy of the letters are attached hereto as Exhibit "E" and incorporated by reference as though fully set forth herein.

55.    The Administrators have provided no formal documentation and or explanation regarding the initial change in plan language and/or subsequent reinstatement of Plaintiff's benefits.

56.    Defendants violated ERISA, 29 U.S.C. §1024(b) by failing and refusing to provide the requested documents which the Plaintiffs are entitled to receive.

WHEREFORE, Plaintiffs request this Honorable Court to grant judgment against the Defendants and in favor of the Plaintiffs and to award penalties, reasonable counsel fees, and such other and further relief as the Court deems appropriate.

### COUNT III

### BREACH OF CONTRACT

57.    Plaintiffs incorporate paragraphs 1 through 54 above as though fully set forth herein.

58.    At all times relevant, Plaintiffs and their dependants were entitled to benefits under the Plan.

59.    The terms and conditions of the Plan entitle Plaintiffs and their dependants to benefits under the Plan.

60.    Plaintiffs' receipt of benefits under the Plan creates a binding contract between the Plaintiffs and the Trustees of the Plan.

WHEREFORE, Plaintiffs request this Honorable Court to grant judgment against the

Defendants and in favor of the Plaintiffs and to award damages, interest, and costs of suit, as

well as any other and further relief this Honorable Court deems just and proper.


Respectfully submitted,

HARMON & DAVIES, P.C.

Dated: _3-29-06_          By: _____

Thomas R. Davies, PA I.D. # 35260
2306 Columbia Avenue
Lancaster, PA  17603
Telephone:  717-291-2236
Facsimile:  717-291-5739

*Attorneys for Plaintiffs*

CCB:C.\Documents and Settings\Owner\My Documents\Clients\Turner, Lester A.  T0076\H&W Fund Dispute  0501\Complaint.wpd