IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. DOUTS; RICHARD L. GRAVER; HARRISON W. LAROSA; PHILLIP G. REED; WILLIAM L. RICHARDSON, JR.; GERALD HEIDLAUF; LESTER TURNER; RICHARD MILLER; JAMES R. VIA; and DANIEL P. VITALE;<br>　　　　　　Plaintiffs | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| v. | : No. 06-CV-1385 |
| I.B.E.W. LOCAL UNION NO. 743; N.E.C.A. HEALTH & WELFARE BENEFIT TRUST FUND; NATIONAL ELECTRICAL BENEFIT FUND; LAWRENCE J. BRADLEY; SICK BENEFIT FUND; ELECTRICAL CONSTRUCTION JOINT TRUST FUNDS; RANDY KIEFFER; BARRY MUSSER; WILLIAM TROUTMAN; RICHARD BROTZMAN and MEL FISHBURN,<br>　　　　　　Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**ANSWER WITH AFFIRMATIVE DEFENSES**

Defendants, I.B.E.W. Local Union No. 743, N.E.C.A. Health & Welfare Benefit Trust Fund, National Electrical Benefit Fund, Lawrence J. Bradley, Sick Benefit Fund, Electrical Construction Joint Trust Funds, Randy Kieffer, Barry Musser, William Troutman, Richard Brotzman and Mel Fishburn, by and through their attorneys, Kevin A. Moore, Esquire and Leisawitz Heller Abramowitch Phillips, P.C., file the within Answer with Affirmative Defenses to the within Complaint and answer as follows:

  1. Denied.

  2. Denied.

  3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

### JURISDICTION AND VENUE

21. Admitted in part; Denied in part. It is admitted jurisdiction is proper. It is denied that this Court maintains subject matter jurisdiction of all claims against all Defendants.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Admitted.

27. Denied. The averments of paragraph 27 refer to a written document whose contents are its own best evidence and any characterization of same is specifically denied.

28. Denied. The averments of paragraph 28 refer to a written document whose contents are its own best evidence and any characterization of same is specifically denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted.

33. Admitted.

34. Denied.

35. Denied.

36.-45. Admitted in part; Denied in part. It is admitted that the Plaintiffs referred to in paragraphs 36-45 received retiree benefits. It is specifically denied that Plaintiffs benefits were wrongfully discontinued and strict proof thereof is demanded at time of trial.

46. Admitted.

47. Admitted.

48. Denied.

49. Denied.

### COUNT I – BREACH OF FIDUCIARY DUTY

50. The averments of paragraph 50 do not allege facts to which a responsive pleading is required.

51. Denied.

52. Denied.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss Plaintiffs' Complaint with prejudice and enter any and all relief this Court deems necessary and just.

### COUNT II – ERISA, 29 U.S.C. §1024(b)

53. The averments of paragraph 53 do not allege facts to which a responsive pleading is required.

54. Admitted.

55. Denied.

56. Denied.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss Plaintiffs' Complaint with prejudice and enter any and all relief this Court deems necessary and just.

### COUNT III – BREACH OF CONTRACT

57. Paragraph 57 of the Complaint does not allege facts to which a responsive pleading is required.

58. Denied.

59. The averments of paragraph 59 refer to a written document whose contents are its own best evidence and any characterization of same is strictly denied.

60. Denied.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss Plaintiffs' Complaint and enter any and all relief this Court deems necessary and just.

### DEFENDANTS' AFFIRMATIVE DEFENSES

61. Defendants incorporate herein by reference their answers to the proceeding paragraphs of Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE

62. Plaintiffs' right to relief is or may be barred by lack of subject matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

63. Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to all Defendants on Count I – Breach of Fiduciary Duty.

### THIRD AFFIRMATIVE DEFENSE

64.     Plaintiffs fail to state a claim upon which relief may be granted as to all Defendants on Count II – ERISA 29 U.S.C. §1024(b).

### FOURTH AFFIRMATIVE DEFENSE

65.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to all Defendants on Count III – Breach of Contract.

### FIFTH AFFIRMATIVE DEFENSE

66.     Plaintiffs' right to relief is or may be barred by lack of standing.

### SIXTH AFFIRMATIVE DEFENSE

67.     Plaintiffs' right to relief is or may be barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

68.     Plaintiffs' right to relief is or may be barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

69.     Plaintiffs' right to relief is or may be barred by doctrine of fraud.

### NINTH AFFIRMATIVE DEFENSE

70.     Plaintiffs' right to relief is or may be barred by the failure to mitigate any damages they may have sustained.

Respectfully submitted,

Leisawitz Heller Abramowitch Phillips, P.C.

_____
Kevin A. Moore, Esq.
Attorney for Defendants
I.D. 75068
2755 Century Blvd.
Wyomissing, PA  19610
610-372-3500
610-375-8671 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. DOUTS; RICHARD L. GRAVER; HARRISON W. LAROSA; PHILLIP G. REED; WILLIAM L. RICHARDSON, JR.; GERALD HEIDLAUF; LESTER TURNER; RICHARD MILLER; JAMES R. VIA; and DANIEL P. VITALE;<br>           Plaintiffs<br><br>         v.<br><br>I.B.E.W. LOCAL UNION NO. 743; N.E.C.A. HEALTH & WELFARE BENEFIT TRUST FUND; NATIONAL ELECTRICAL BENEFIT FUND; LAWRENCE J. BRADLEY; SICK BENEFIT FUND; ELECTRICAL CONSTRUCTION JOINT TRUST FUNDS; RANDY KIEFFER; BARRY MUSSER; WILLIAM TROUTMAN; RICHARD BROTZMAN and MEL FISHBURN,<br>           Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 06-CV-1385<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

      I hereby certify that a true and correct copy of the "Answer to Complaint" was served by U.S. First Class Mail, postage pre-paid, upon the following on June 2, 2006:

      Thomas R. Davies, Esq.
      Harmon & Davies, P.C.
      2306 Columbia Avenue
      Lancaster, PA  17603

      I understand that statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

      Respectfully Submitted:

      By: _____
      Kevin A. Moore, Esquire

Dated:  June 2, 2006